20-1330-cr
*United States v. Brooks*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1ˢᵗ day of July, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            MICHAEL H. PARK,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*                           20-1330-cr

            v.

SHAUN BROOKS,

                    *Defendant-Appellant*,

ELVIS SANTANA, AKA L, AKA STUNNA L, DANNY
BUENO, AKA YOUNG STUNNA, ANGEL DELACRUZ,
AKA YOUNG MONEY, EMMANUEL MARTINEZ, AKA
MANNY, HAROLD ROMAN, AKA NEW MONEY, AKA
TOMMY, JOEL NORWOOD, AKA FAT BOY, LAMONT

1

MASON, AKA MONT, ANDRE RODRIGUEZ, AKA DRE,
AKA D, AKA DADDY DAY, HECTOR BARBOSA, AKA
TITO, JESSIE FONSECA, AKA JESS, DENNIS MANCUSI,
FRED CANNON, AKA FRED WILSON, AKA GOODY,
DBA WILL, DONTAE DEGREE, PABLO RIVERA, MARK
HAMMARY, AKA SNOOP, ROBERT BENEDITTINI,
JULIO GARCIA, AKA JULIO NATAL, FRANK
VACCARIELLO, DONALD TAYLOR, AKA DUCKY,
ROBERT CURRY, AKA GOTTI, JAMES MCCRAE, AKA
JAMZ, AKA NEW JAMZ, BLAINE SCOTT, AKA SCRATCH,
ERIC MCKENZIE, AKA BLITZ, BYRON OVERBY,
ROBERT BARNES, OMARI NELSON, JERMAINE
GILLEO, MICHAEL CUNNINGHAM, AKA LITTLE RICO,
PIERRE MYKE, JAI PATTERSON, KADEMA NELSON,
AKA KNOCKY, DONIEL THOMAS, AKA OG, JAMES
SKAGGS, TYRELL MOSLEY, AKA TY, AKA MIKE,
TAINA VALENTINE, PRINCE MARSH, AKA POP, AKA
DADDY, TAWAN HINES, SAM SHULER, CHRIS CURRY,
AKA KP, ROBERT EVANS, MORGAN STOKES,WILLIAM
ANDERSON, AKA ANTON, AKA A TOWN,

*Defendants.*

---

**FOR DEFENDANT-APPELLANT:**      Ezra Spilke, Law Offices of Ezra Spilke,
Brooklyn, NY.

**FOR APPELLEE:**      Courtney Heavey and Anna M. Skotko,
Assistant United States Attorneys, *for*
Audrey Strauss, United States Attorney,
Southern District of New York, New
York, NY.

Appeal from a judgment dated March 16, 2020 of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*), entered on April 8, 2020.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Shaun Brooks appeals from a judgment in the United States District Court for the Southern District of New York, revoking his supervised release and sentencing him primarily to thirty-six months in prison, to be followed by two years of supervised release.

In 2017, while on supervised release, Brooks was charged by the United States Probation Office with violating multiple mandatory conditions of his release, including failing to report for drug testing multiple times and using marijuana, cocaine, and other controlled substances. Over the next several years, Brooks was charged with other violations and the District Court convened several status conferences and hearings. After a final sentencing hearing, the District Court concluded that Brooks violated several conditions of his supervised release, all of which were Grade C violations under the United States Sentencing Guidelines ("U.S.S.G.") and to all of which Brooks admitted guilt, and imposed the statutory maximum term of imprisonment of thirty-six months, to be followed by three years of supervised release.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On appeal, Brooks primarily asserts that his due process rights were violated because, he argues, his revocation sentence was based on incidents of which he did not receive notice or opportunity to challenge. "Due process requires . . . that a defendant charged with violating a condition of supervised release be afforded notice of the charges against him before the court may revoke his supervised release."[2] Such "notice must be sufficient to allow the releasee to prepare to defend against the charges."[3]

Because Brooks did not raise an objection on this basis before the District Court, we review his claim for plain error.[4] The burden of showing plain error rests on the party asserting it.[5] "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[6]

We reject Brooks's due process challenge to his revocation sentence. The District Court made clear that Brooks was being held responsible for the violations to which Brooks admitted,

---

[1] Under the U.S.S.G., a Grade C violation of supervised release is defined as "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision." U.S.S.G. § 7B1.1(a)(3).

[2] *United States v. Chatelain*, 360 F.3d 114, 121 (2d Cir. 2004).

[3] *Id.*

[4] *See Puckett v. United States*, 556 U.S. 129, 134–35 (2009).

[5] *United States v. Dominguez Benitez*, 542 U.S. 74, 82 (2004); *United States v. Turner*, 720 F.3d 411, 427 (2d Cir. 2013).

[6] *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (quoting *United States v. Vaval*, 404 F.3d 144, 151 (2d Cir. 2005)).

which did not include the June 9, 2019 and the October 9, 2019 incidents, as the written judgment also confirms. As to the June 9, 2019 incident, Brooks had sufficient constitutional notice that it might be discussed at sentencing. Indeed, the Probation Office referenced the incident in the memorandum provided to the District Court and the Government mentioned it at a status conference, in addition to giving the related reports to defense counsel.[7] Brooks also had sufficient opportunity to challenge information related to both the June 9, 2019 and the October 9, 20219 incidents. As a final matter, Brooks's conduct underlying Specification 7—on which the Government ultimately did not proceed and for which Brooks accordingly was not sentenced —was included in the Amended Violation Report and Brooks did in fact challenge information related thereto. In sum, Brooks's revocation sentence for Class C violations of his supervised release was not imposed in violation of his due process rights.

## CONCLUSION

We have reviewed all other arguments raised by Brooks on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court entered April 8, 2020.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[7] *See also Chatelain*, 360 F.3d at 122 (finding revocation defendant received adequate notice when details of alleged violative conduct were provided not in the petition but "in advance of the revocation hearing").